Patricia STERNAMAN, et al.,
Appellants,

v.

Patricia Ann HALL, Respondent.

No. C5–87–34.

Court of Appeals of Minnesota.

Aug. 25, 1987.

Richard A. Sand, St. Paul, Brent D. Sjodin, St. Paul, for appellants.

Alf E. Sivertson, Sivertson and Barrette, P.A., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and NIERENGARTEN and MULALLY,* JJ., with oral argument waived.

## OPINION

EDWARD D. MULALLY, Judge.

Appellants Sternaman and Weisman appeal from a municipal court judgment, dismissing the unlawful detainer action but awarding appellants-lessors money damages for lease payment arrearages. We reverse and remand.

## FACTS

In September 1985, respondent Patricia Hall met appellant Eric Weisman and they became romantically involved. Hall, in the process of becoming divorced, and Weisman made plans for Weisman to move into Hall's home. She testified that they planned to be married after the divorce.

She also testified that, about this time, she informed Weisman that her home's mortgage had been foreclosed and the redemption period would expire on December 21, 1985. Hall alleged that Weisman told her he would lend her the money to redeem her house, and she withdrew the house from the market.

On November 5, 1985, Hall was awarded the fee ownership of this property by dissolution decree.

On December 19, 1985, days before the redemption period was to expire, Hall, Weisman and Sternaman (Weisman's secretary) met at the law office of Weisman's attorney. Hall was unrepresented.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

At this meeting, Weisman paid $53,143 to Hall to redeem the property. Hall signed a warranty deed in favor of Sternaman. Sternaman, in turn, signed a warranty deed in favor of Weisman. Weisman never recorded that deed; Sternaman recorded her warranty deed. Hall testified that she did not understand the significance of the warranty deed, but thought that it would allow Weisman to obtain financing to redeem the property. No purchase agreement was discussed or executed.

At the same meeting, the parties agreed to a leasing arrangement in which Hall would pay Weisman $450 per month, and continue living in the house. Hall later alleged that the monthly lease payments represented repayments on Weisman's loan. In the dissolution hearing, however, Hall testified she "sold" the home to pay the mortgage and, although still living in the home, just "rented" it. The trial court in this unlawful detainer action found the agreement constituted a leasing arrangement for rental of the property, rather than evidencing repayment of a loan.

Weisman never moved into the house and his relationship with Hall deteriorated. When Hall failed to make the $450 payments for July, August, and September 1986, Weisman and Sternaman brought this action for unlawful detainer. Hall failed to raise any statutory defenses, but alleged equitable ownership arising from a constructive mortgage. The trial court found that Weisman was unable to prove a greater possessory interest in the property than Hall, and dismissed the unlawful detainer action. Nevertheless, based on the parties' lease agreement, the trial court ordered Hall to pay the monthly lease arrearages and continue making monthly payments.

## ISSUES

Did the municipal court err, as a matter of law, in considering respondent's equitable claims in an unlawful detainer action and in failing to grant appellants a writ of restitution?

## ANALYSIS

This unlawful detainer action was commenced in municipal court. A municipal court has subject matter jurisdiction to decide possession rights in unlawful detainer actions, but not equitable claims. *Lanzo v. F & D Motor Works,* 396 N.W.2d 631, 634 (Minn.Ct.App.1986) (municipal court in unlawful detainer action merely determines the right to present possession but not the equitable rights of ownership possessed by the parties).[1]

The municipal court may consider statutory defenses. *See* Minn.Stat. § 566.03, subd. 2 (1986). Hall failed to allege statutory defenses, however, so her only avenue of relief was to commence a district court action to quiet title. Had Hall moved the district court to rule on her equitable ownership claim and quiet title, the district court could have then stayed the unlawful detainer proceedings until ownership was determined.

Based on the express wording of the warranty deeds and Hall's failure to plead any statutory defenses, Weisman is, for purposes of this litigation, the legal owner of the property with a superior right of possession, and the municipal court erred in failing to grant a writ of restitution to Weisman. We note, however, that respondent Hall is not precluded from asserting her equitable ownership claim in an action to quiet title.

## DECISION

The trial court is reversed and ordered to enter a writ of restitution in appellants' favor.

Reversed.

1. We note that unification of the Ramsey County Bench might affect the application of this rule in the future; however, since the trial court was acting in a traditional municipal court capacity during this unlawful detainer action, unification does not affect this decision.