**EAGAN EAST LTD. PARTNERSHIP, Respondent,**

v.

**POWERS INVESTIGATIONS, INC., et al., Appellants.**

No. C4–96–775.

Court of Appeals of Minnesota.

Oct. 22, 1996.

Karen Imus Johnson, Richard C. Scattergood, Rider, Bennett, Egan & Arundel, L.L.P., Minneapolis, for Respondent.

Dale C. Nathan, Nathan & Associates, Eagan, for Appellants.

Before PETERSON, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

DAVIES, Judge.

In this unlawful detainer action, tenants appeal from an order permitting respondent to increase rent prospectively and denying tenants' request for attorney fees authorized by a lease provision. We reverse.

## FACTS

By two 1993 leases, Walter Powers, Jr., and Powers Investigations, Inc. (collectively Powers), leased office space from Eagan East Limited Partnership (Eagan East). Both leases contained a provision allowing for a rent adjustment if the actual square footage of the space was either more or less than that listed in the contract.

In November 1995, a remeasurement revealed that Powers had been occupying more space than it had been paying for. Accordingly, Eagan East demanded both a prospective and retroactive rent increase. When Powers failed to pay the additional rent, Eagan East filed this unlawful detainer action.

After a hearing and written closing arguments, the district court held that the rent increase clauses were ambiguous and could not be applied retroactively from the new measurement, but that they could be applied prospectively from that time on. In accordance with this ruling, Eagan East announced a prospective rent increase, which Powers refused to pay, believing it to be unauthorized. In a subsequent clarifying order, the court confirmed that it had ruled that Eagan East was entitled to increase rent prospectively and that it had denied Powers' request for attorney fees under the lease provision. Powers appeals, claiming that the court had no jurisdiction to decide any issues in the unlawful detainer action other than those determinative of the present possessory rights to the property.

## ISSUE

Did the court in the unlawful detainer action err in determining issues other than those pertaining to present possessory rights?

## ANALYSIS

■ Powers contends the district court did not have subject matter jurisdiction to rule on either the prospective rent increase or attorney fees issues because they were outside the scope of the unlawful detainer hearing. "Whether a court has jurisdiction is a legal question, and * * * this court is not bound by * * * a trial court's legal conclusions." *Vegemast v. DuBois,* 498 N.W.2d 763, 764 (Minn.App.1993).

■ We agree the district court should not have heard these issues. It is a long-standing rule that an unlawful detainer action provides a summary proceeding to quickly determine present possessory rights. *Lilyerd v. Carlson,* 499 N.W.2d 803, 812 (Minn. 1993); *University Community Properties, Inc. v. Norton,* 311 Minn. 18, 21–22, 246 N.W.2d 858, 860 (1976); *Dahlberg v. Young,* 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950); *William Weisman Holding Co. v. Miller,* 152 Minn. 330, 332, 188 N.W. 732, 732–33 (1922).

The court in the present case went beyond the scope of an unlawful detainer and, by doing so, undermined the essence of the proceeding.[1] We reverse to the extent that the court went beyond deciding issues determinative of the present right to possession.

We deny Powers' request for $100 in attorney fees incurred responding to a letter Eagan East sent to this court after oral argument.

## DECISION

The judge in the unlawful detainer action improperly decided issues outside the scope of that limited proceeding. As to those issues, we reverse.

**Reversed.**

---

1. The court could have decided these claims in a proper proceeding. *See* Minn.Stat. § 484.01, subd. 1 (1994) ("district courts shall have origi-

nal jurisdiction in all civil actions within their respective districts").