**AMRESCO RESIDENTIAL MORTGAGE CORP.,**
Respondent,

v.

**Duane A. STANGE, Angela M. Stange, Appellants,**

**John Doe, et al., Defendants.**

No. C8–01–97.

Court of Appeals of Minnesota.

July 24, 2001.

Eric D. Cook, Leonard, O'Brien, Wilford, Spencer & Gale, Ltd., Minneapolis, MN, (for respondent).

Michael C. Hager, Jane Larson & Associates, Roseville, MN, (for appellants).

Considered and decided by KLAPHAKE, Presiding Judge, CRIPPEN and STONEBURNER, Judges.

## OPINION

CRIPPEN, Judge.

Appellants Duane and Angela Stange contend that the district court erred by rejecting their proposal to enlarge the nature and scope of the eviction proceeding to hear their claims that respondent AMRESCO Residential Mortgage Corporation was not entitled to possession of the property because of alleged defects in their underlying foreclosure. Because appellants have chosen the wrong forum to bring their claims, we affirm.

## FACTS

In January 2000, after expiration of the statutory period for redeeming property, respondent AMRESCO Residential Mortgage Corporation initiated eviction proceedings in Crow Wing County District Court against appellants Duane and Angela Stange. In their answer, appellants counterclaimed and asserted affirmative defenses related to the underlying mortgage foreclosure. Appellants alleged that respondent was not entitled to possession of the property because it breached the mortgage contract by (a) refusing in bad faith to accept payment; (b) failing to give notice of default and acceleration; (c) preventing appellants from redeeming the

property; and (d) failing to serve appellants with notice of the foreclosure sale.

In June 2000, the court dismissed without prejudice the counterclaims because it found that the claims exceeded the scope of summary eviction proceedings. In January 2001, on the date set for trial, the court entered summary judgment on its own motion in favor of respondent, but later granted appellants' motion to stay the writ of restitution.

## ISSUE

■ Did the district court err in dismissing the counterclaims? [1]

## ANALYSIS

■ Numerous precedents establish the limited nature and scope of an eviction proceeding, which is summary in nature. *E.g., Lilyerd v. Carlson*, 499 N.W.2d 803, 812 (Minn.1993); *see also* Minn.Stat. § 504B.001, subd 4 (2000) (defining eviction as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in this chapter"). As appellants point out, the scope of the proceedings originated with the limited jurisdiction of municipal courts that once heard unlawful detainer proceedings but were not empowered to determine issues related to title. When municipal courts were abolished, this court surmised

that district courts having jurisdiction in equity would be able to hear defenses and counterclaims in an eviction proceeding. *Sternaman v. Hall*, 411 N.W.2d 18, 19 n. 1 (Minn.App.1987). In fact, the Minnesota Supreme Court has suggested in dicta that, even though these proceedings are usually summary in nature, a counterclaim involving title should have been heard in an eviction proceeding to avoid the problems that later arose in a separate title action. *Lilyerd*, 499 N.W.2d at 812.

Appellants contend that the court should acknowledge the outmoded nature and scope of the proceedings and enlarge the scope because the district courts, which now hear eviction cases, have general subject-matter jurisdiction. More specifically, appellants contend that when a party asserts a counterclaim in an eviction proceeding, the court should convert the action from an eviction action to an ejectment action,[2] an argument appellants did not present to the district court.

Appellants do not dispute that they have an equally valuable, alternate process available to them. They have indicated, in fact, that subsequent to the dismissal of their counterclaims in this action, they commenced a separate proceeding in which they seek to set aside respondent's foreclosure. Appellants can raise their counterclaims and equitable defenses directly in that separate, district court proceeding,

---

1. At oral argument, appellants stated there was only one issue on appeal, but they argued in their brief that the district court erred in granting summary judgment sua sponte. A court may, sua sponte, grant summary judgment if under the same circumstances it would grant a party's motion for summary judgment. *Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 280, 230 N.W.2d 588, 591–92 (1975). To the extent appellants continue to contest this issue, the district court did not err in granting summary judgment on its own motion.

2. *Albright v. Henry*, 285 Minn. 452, 459–60, 174 N.W.2d 106, 110 (1970) (construing the municipal-court statute and finding that municipal courts must transfer an unlawful detainer case to the district court when an equitable defense is asserted because the court has no jurisdiction to hear the equitable defense); *Leader v. Joyce*, 271 Minn. 9, 12, 135 N.W.2d 34, 37 (1965) (providing that an unlawful detainer action becomes an ejectment action when it is transferred from the municipal court to the district court).

where they can also seek to enjoin prosecution of the eviction action. *William Weisman Holding Co. v. Miller,* 152 Minn. 330, 332, 188 N.W. 732, 733 (1922). Thus, there is no evident reason to interfere with the summary nature of eviction proceedings. Using the alternate procedure instead of expanding the eviction proceeding accords with the appellate courts' prior determinations that the district court should uphold the summary nature of eviction proceedings. *E.g., Eagan East Ltd. P'ship v. Powers Investigations, Inc.,* 554 N.W.2d 621, 622 (Minn.App.1996) (reversing decisions the court made on issues outside the limited scope of the proceeding). This process reinforces the public policy behind having summary proceedings, which is "to prevent parties from taking the law into their own hands." *Mutual Trust Life Ins. Co. v. Berg,* 187 Minn. 503, 505, 246 N.W. 9, 10 (1932). *See generally* Comment, *Landlord–Tenant Law: Abolition of Self–Help in Minnesota,* 63 Minn. L.Rev. 723 (1979).

We confine our decision to the title-related counterclaims and defenses presented by this appeal and affirm the district court's dismissal of those counterclaims. But we order that the court's stay of the writ of restitution be continued for a reasonable period of time in which appellants can assert, and the district court can determine in their pending proceeding, whether their right of possession should be protected by enjoining the writ until the court rules on their title claims.

## DECISION
The district court properly dismissed the counterclaims.

**Affirmed.**