*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0248**

Great Southern Bank,
Respondent,

vs.

Gustavo Aguilar Guzman, et al.,
Appellants.

**Filed August 18, 2014
Affirmed
Cleary, Chief Judge**

Dakota County District Court
File No. 19HA-CV-13-4527

John Michael Miller, Peterson, Fram & Bergman, P.A., St. Paul, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Worke, Presiding Judge; Cleary, Chief Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

Following a mortgage foreclosure, a sheriff's sale, and expiration of the redemption period, respondent Great Southern Bank commenced an eviction action to recover possession of real property from appellants Gustavo Aguilar Guzman and

Gabriela Tatiana Castro Serna. The district court granted summary judgment to respondent, and appellants challenge that judgment, arguing that respondent lacks standing to pursue eviction and that the foreclosure and sheriff's sale are void. Appellants also contend that the district court should have stayed the eviction action pending the resolution of a related quiet-title action in federal court. Because the district court did not err by granting summary judgment to respondent and did not abuse its discretion by denying a stay of the eviction proceedings, we affirm.

## FACTS

In October 2006, appellants executed a note in favor of Mortgage Electronic Registration Systems, Inc. for a loan that was secured by a mortgage on real property. In May 2011, the mortgage was purportedly assigned to Inter Savings Bank, FSB by Mortgage Electronic Registration Systems. In January 2013, the mortgage was purportedly assigned to respondent by the Federal Deposit Insurance Corporation as receiver for Inter Savings Bank. Respondent then commenced a foreclosure-by-advertisement proceeding, and a sheriff's sale of the real property was held in April 2013. A sheriff's certificate of sale was completed showing that respondent was the successful bidder at the sale. The sale was subject to a statutory six-month redemption period, but appellants did not redeem the property during that period.

Appellants continued to occupy the property, and respondent commenced an eviction action in November 2013. Appellants replied by alleging that the mortgage assignments were ineffective and that respondent lacked standing to foreclose the

2

mortgage and pursue eviction.[1]  Appellants requested summary judgment, dismissal of the eviction complaint, or a stay of the eviction proceedings pending the resolution of the quiet-title action.  Respondent moved for summary judgment, a writ of recovery, and an order to vacate.  Following a hearing, the district court issued an order denying appellants' motions, granting summary judgment to respondent, and directing that an order of eviction and writ of recovery be issued.  The district court held that there were no genuine issues of material fact to be determined and that respondent was entitled to judgment as a matter of law because respondent "is the fee owner of the property" and appellants "do not have any right to the [p]roperty" and "are holding over after the expiration of time for redemption from the foreclosure of the [m]ortgage."  This appeal followed.

### D E C I S I O N

**I.      The district court did not err by granting summary judgment to respondent.**

Appellants contend that the district court erred by granting summary judgment to respondent because genuine issues of material fact related to their defenses exist.  A summary-judgment decision is reviewed de novo.  *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010).  In an appeal from summary judgment, an appellate court "must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law."  *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011).  The appellate court may

---

[1] Appellants also commenced a separate quiet-title action to challenge property title and the foreclosure; that action was removed to federal court.

3

not weigh the evidence or make factual determinations, but must consider the evidence in the light most favorable to the party against whom judgment was granted. *McIntosh Cnty. Bank v. Dorsey & Whitney, LLP*, 745 N.W.2d 538, 545 (Minn. 2008).

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. The party moving for summary judgment has the burden to show that summary judgment is appropriate. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009). However, a party opposing summary judgment "may not rest upon the mere averments or denials of the adverse party's pleading but must present specific facts showing that there is a genuine issue for trial." Minn. R. Civ. P. 56.05.

"The person entitled to the premises may recover possession by eviction when . . . any person holds over real property . . . after the expiration of the time for redemption on foreclosure of a mortgage . . . ." Minn. Stat. § 504B.285, subd. 1 (2012). An eviction is "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4 (2012). An eviction proceeding "merely determines the right to present possession and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties. It is not a bar to an action involving the title." *Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950); *see also Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 357–58 (Minn. App. 2006) (stating that the summary nature of eviction

4

proceedings remains even though district courts have subject-matter jurisdiction to address title-related issues); *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445–46 (Minn. App. 2001) (reviewing an eviction order and affirming the district court's dismissal of defenses and counterclaims that challenged the mortgage foreclosure because the appellants had alternative procedures available to challenge the foreclosure and title to the property in dispute).

Upon expiration of the statutory redemption period, a recorded certificate of sale "shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance." Minn. Stat. § 580.12 (2012).

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

Minn. Stat. § 580.19 (2012).

To prevail in this eviction action, respondent must show that the mortgage on the property was foreclosed, that the time for redemption expired, that it is entitled to possession of the property, and that appellants held over the property. *See* Minn. Stat. § 504B.285, subd. 1. Appellants do not dispute that they did not redeem within the six-month redemption period and that they continued to possess the property after expiration of that period. The sheriff's certificate of sale is prima facie evidence that a foreclosure occurred, that a foreclosure sale was held, that respondent was the successful bidder at

5

that sale, and that respondent is therefore entitled to possession of the property. *See* Minn. Stat. §§ 580.12, .19.

Appellants have produced nothing to rebut this evidence. Instead, they challenge the assignments of the mortgage and contend that, because the assignments were ineffective, the foreclosure and sheriff's sale are void. As the caselaw and statutes cited above explain, a challenge to a mortgage assignment, foreclosure, or property title is outside the scope of an eviction action, which is a summary proceeding to determine the right to present possession of the property. Appellants have an alternative forum available to dispute the foreclosure and property title in the form of their federal quiet-title action.

Appellants argue that respondent lacks standing to pursue eviction. To have standing to bring a lawsuit, a party must either have "suffered some 'injury-in-fact'" or be "the beneficiary of some legislative enactment granting standing," such that the party "has a sufficient stake in a justiciable controversy to seek relief from a court." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 493 (Minn. 1996). A successful bidder at a sheriff's sale of property has standing to pursue eviction after the redemption period expires, as the bidder then has the legal right to possess the property and suffers an injury-in-fact when others invade that right by holding over. *See* Minn. Stat. § 580.12 (stating that, upon expiration of the redemption period, a recorded certificate of sale operates as a conveyance to the purchaser, or to the purchaser's assignee, of all right, title, and interest of the mortgagor in and to the premises); *Harbal v. Fed. Land Bank of St. Paul*, 449 N.W.2d 442, 447 (Minn. App. 1989) (stating that a purchaser at a sheriff's

6

sale acquires a type of vested ownership interest in the property subject to the limited redemption rights of the foreclosed owner), *review denied* (Minn. Feb. 21, 1990). After the redemption period expired, respondent had the right to possess the real property and had standing to enforce that right through eviction when appellants held over.

Appellants also make a show-me-the-note argument, claiming that respondent cannot have foreclosed the mortgage and cannot have been the successful bidder at the sheriff's sale because respondent was not the owner or holder of the note. A show-me-the-note argument claims that, "as a prerequisite to the foreclosure of a mortgage, the foreclosing entity must show either that it owns *both* the mortgage being foreclosed *and* the note associated with that mortgage, or that it is acting on behalf of one who does." *JPMorgan Chase Bank, N.A. v. Erlandson*, 821 N.W.2d 600, 604 (Minn. App. 2012). Minnesota courts have determined that the show-me-the-note argument is without merit. *See, e.g.*, *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 501 (Minn. 2009); *Erlandson*, 821 N.W.2d at 609 ("The holder of legal title to a mortgage can foreclose its mortgage by action regardless of whether it also holds the note associated with the mortgage.").

Respondent has established the elements necessary to prevail in this eviction action, and appellants have not presented facts showing that there is a genuine issue for trial. Respondent is entitled to judgment as a matter of law, and the district court did not err by granting summary judgment to respondent.

**II. The district court did not abuse its discretion by denying appellants' motion to stay the eviction proceedings pending the resolution of the federal quiet-title action.**

Appellants contest the district court's decision not to stay the eviction proceedings pending the outcome of the quiet-title action in federal court. "Generally, whether to stay a proceeding is discretionary with the district court, [and] its decision on the issue will not be altered on appeal absent an abuse of that discretion." *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 317 (Minn. App. 2008) (alteration in original) (quotation omitted), *review denied* (Minn. Sept. 23, 2008).

"[W]hen [] counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of discretion not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending." *Id.* at 318–19 (holding that a district court abused its discretion by refusing to stay eviction proceedings pending the outcome of related litigation in which rights to the property were disputed); *cf. Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 165 (Minn. App. 2014) (stating that "*Bjorklund* presented an unusual factual scenario that emerged from a dispute about the ownership of shares in a family-run corporation" and that "[a] dispute over ownership alone does not show necessity under *Bjorklund*").

> [A] party to an eviction proceeding is not entitled to a stay merely because a related action is pending[.] . . . In the absence of some showing that the lack of a stay will compromise a party's interests in the subject property, a district court does not abuse its discretion by denying a motion to stay an eviction proceeding. And even when such a showing is made, the decision whether to grant the stay is entrusted to the district court's discretion.

8

*Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 193 (Minn. App. 2011); *see also Hanson*, 841 N.W.2d at 164 (stating that "a party attempting to stay an eviction action must provide a case-specific justification for granting a stay" and that "the district court is not obligated to grant a stay even when the party does provide a case-specific reason").

Given that an eviction action is a summary proceeding to determine only the right to present possession of property, appellants' challenges to the mortgage assignments and foreclosure are not "counterclaims and defenses [] necessary to a fair determination of the eviction action" that mandate a stay under the rule articulated in *Bjorklund*. *See id.* at 165–66 (holding that a district court did not abuse its discretion by refusing to stay eviction proceedings pending the outcome of litigation in which the validity of a mortgage was challenged); *Nedashkovskiy*, 801 N.W.2d at 193 (holding that a district court did not abuse its discretion by refusing to stay eviction proceedings pending the outcome of litigation in which a mortgage foreclosure was challenged). Appellants did not provide a case-specific justification for a stay, and the district court did not abuse its discretion by denying appellants' motion for a stay of the eviction proceedings pending the resolution of the federal quiet-title action.

**Affirmed.**