*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0915**

Federal Home Loan Mortgage Corporation,
Respondent,

vs.

Patricia G. Mikelson,
Appellant.

**Filed January 12, 2015
Affirmed
Cleary, Chief Judge**

Scott County District Court
File No. 70-CV-14-5786

David Mortensen, Greta Bjerkness, Wilford, Geske & Cook, P.A., Woodbury, Minnesota
(for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Cleary, Chief Judge; and Hudson, Judge.

**CLEARY**, Chief Judge

We affirm the district court because respondent had title to the property and standing to bring an eviction action under Minn. Stat. § 504B.285, subd. 1 (2014).[1] We also conclude that the district court did not abuse its discretion in granting a stay to the eviction, and also requiring appellant to post a bond pursuant to Minn. Stat. § 504B.371, subd. 3 (2014).

## FACTS

On September 10, 2003, appellant Patricia G. Mikelson executed and delivered a mortgage to ABN AMRO Mortgage Group, Inc. for real property located at 13923 Shoreside Court, Savage, Minnesota 55478, to secure a promissory note. The property is legally described as: "Lot 17, block 1, Summer Shores, Scott County, Minnesota." The mortgage was recorded in the Scott County Registrar of Titles' Office on October 17, 2003, as document No. T150804. The mortgage agreement contained a power of sale. After receiving the mortgage, ABN AMRO Mortgage Group, Inc. changed its name to CitiMortgage, Inc. Appellant defaulted on the promissory note by failing to make payments as they became due. As a result of the default, CitiMortgage properly began foreclosure proceedings by advertisement. The sheriff's sale was held on June 28, 2011, and CitiMortgage purchased the property subject to a six-month redemption period

---

[1] We cite the most recent version of Minn. Stat. § 504B.371 because it has not been amended in relevant part. *See Interstate Power Co. v. Nobles Cnty. Bd. of Comm'rs*, 617 N.W.2d 566, 575 (Minn. 2000) (stating that, generally, "appellate courts apply the law as it exists at the time they rule on a case" unless doing so would affect vested rights or result in a manifest injustice).

2

expiring December 28, 2011. Neither appellant nor any other eligible party redeemed the property after the sheriff's sale. CitiMortgage deeded the property to respondent Federal Home Loan Mortgage Corp. via quit claim deed dated January 30, 2012, and respondent recorded the deed in Scott County on June 28, 2013.

Appellant failed to vacate the property after the redemption period, and respondent began the underlying eviction action on April 4, 2014. Respondent filed a motion for summary judgment; appellant did not file a responsive memorandum but orally opposed summary judgment. Appellant filed an Answer and "Request for Judicial Notice Pursuant to Minn. R. Evid. 201" on May 2, 2014. On May 20, 2014, the district court held that respondent was entitled to possession. Appellant timely filed an appeal and brought a motion to stay the execution of a writ of recovery during the pendency of appeal. The district court ordered appellant to post a supersedeas bond and post monthly bond payments in order to maintain possession. Appellant failed to post a bond with the district court, resulting in the issuance of a writ of recovery of the premises in favor of respondent.

## D E C I S I O N

### I.

Appellant argues that respondent lacks standing to bring an eviction action and that she is entitled to summary judgment. An eviction proceeding is a summary court proceeding to remove an occupant from possession of real property by the process of law. Minn. Stat. § 504B.001, subd. 4 (2014). An eviction proceeding does not adjudicate the ultimate legal right of ownership possessed by the parties, nor does it bar actions

3

challenging the title. *Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d 570, 576 (1950). Numerous precedents have established the limited nature and scope of an eviction proceeding, which is summary in nature. *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001).

"[A]ny mortgage of real estate containing a power of sale, upon default being made in any condition thereof, may be foreclosed by advertisement." Minn. Stat. § 580.01 (2014). Upon expiration of the statutory redemption period, a recorded certificate of sale "shall operate as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance." Minn. Stat. § 580.12 (2014). A certificate of sale made under a power to sell is "prima facie evidence" that the purchaser has title and that every requirement of law necessary to complete the sale and award the certificate has been complied with. Minn. Stat. § 580.19 (2014). The person entitled to the premises has the right to recover possession by eviction after the expiration of the time for redemption. Minn. Stat. § 504B.285, subd. 1.

A.      **Respondent had standing and legal capacity to bring an eviction action**

The district court held that respondent had standing to bring an eviction action. Appellant argues that respondent did not have standing or legal capacity because respondent's claim to title was based on a void foreclosure. Appellant argues that standing is an adjudicative fact and the district court was required to take judicial notice that respondent did not have standing. Appellant's arguments are undermined by the

4

undisputed facts establishing a clear chain of title to respondent, and they are wrong as a matter of law.

When the relevant facts necessary to decide standing are undisputed, courts determine standing de novo. *Olson v. State*, 742 N.W.2d 681, 684 (Minn. App. 2007). A plaintiff has standing when he or she "is the beneficiary of some legislative enactment granting standing." *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007).

CitiMortgage purchased the property at the sheriff's sale and was given a certificate of sale. The certificate of sale acted as a conveyance of "all the right, title, and interest of the mortgagor." Minn. Stat. § 580.12. It was prima facie evidence that CitiMortgage had title and complied with every requirement of law necessary to complete the sale and award the certificate. Minn. Stat. § 580.19. CitiMortgage then properly deeded the property to respondent. Respondent, therefore, was entitled to the premises, and section 504B.285 gave respondent standing to recover possession by eviction because appellant was holding over the property after the redemption period. *See* Minn. Stat. § 504B.285, subd. 1.

To the extent that appellant attacks respondent's title to the property as void, those arguments are outside the summary nature of the eviction. *Stange*, 631 N.W.2d at 445-46 (rejecting appellant's argument to enlarge the scope of eviction proceedings to adjudicate title claims). Moreover, appellant is simply reframing the show-me-the-note argument, which has been rejected in Minnesota. *See, e.g.*, *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500 (Minn. 2009) ("Our case law establishes that a party can

5

hold legal title to the security instrument without holding an interest in the promissory note.").

Finally, appellant argues that the district court abused its discretion by failing to take judicial notice under Minnesota Rule of Evidence 201 of the "fact" that New York trust law rendered the quit claim deed void.[2] Rule 201 states that judicially noticed facts cannot be subject to reasonable dispute, which means the fact must be generally known within the trial court's jurisdiction or capable of accurate and ready determination. Minn. R. Evid. 201(b). Here, the meaning and application of the trust law of a foreign state is subject to reasonable dispute, not generally known within Minnesota and is not capable of accurate and ready determination. The district court did not abuse its discretion by denying appellant's request to take judicial notice of New York trust law and its effect on a quit claim deed.

**B.     The district court properly granted summary judgment for respondent**

The district court granted respondent's motion for summary judgment. Appellant argues that she was entitled to summary judgment at the eviction proceeding because respondent's title to the property came from an "impotent Quit Claim Deed." Appellant argues that the chain of title is void based on Freddie Mac contract requirements and New

---

[2] Appellant's New York trust law arguments are premised on the assumption that respondent's "rights in the property are governed by its custodial agreement, which is governed by New York law." Appellant does not support these arguments with evidence from the record. However, the security instrument signed by appellant clearly states that it is governed by "the law of the jurisdiction in which the [p]roperty is located." It is undisputed that the property is located in Minnesota. Under the terms of the security instrument, then, Minnesota law governs. Finally, as an evidentiary matter, appellant did not introduce a signed custodial agreement into evidence.

6

York trust law. Appellant's arguments fail for two reasons: (1) they are undermined by the facts in the record, and (2) the arguments concern issues exceeding the scope of the eviction proceeding.

The supreme court has succinctly stated the standard of review on an appeal from summary judgment:

> On appeal from summary judgment, we review whether there are any genuine issues of material fact and whether the district court erred in its application of the law. We view the evidence in the light most favorable to the party against whom summary judgment was granted. We review de novo whether a genuine issue of material fact exists. We also review de novo whether the district court erred in its application of the law.

*STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002) (citations omitted). A district court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. To prevail in an eviction action on summary judgment, respondent must show that the mortgage on the property was foreclosed, that the time for redemption expired, that it is entitled to possession of the property, and that appellant held over the property. Minn. Stat. § 504B.285, subd. 1.

The undisputed facts establish that all of the requirements entitling respondent to eviction pursuant to section 504B.285 were met. Appellant failed to make payments and CitiMortgage began foreclosure proceedings by advertisement pursuant to the power of

7

sale clause in the mortgage contract. The property was purchased by CitiMortgage at a sheriff's sale. Appellant did not redeem the property during the statutory redemption period. CitiMortgage received a sheriff's certificate of sale, which is prima facie evidence that a foreclosure occurred, that a foreclosure sale was held, that CitiMortgage was the successful bidder at that sale, and that CitiMortgage was therefore entitled to possession of the property. Minn. Stat. §§ 580.12, .19. CitiMortgage deeded the property to respondent in January 2012, giving respondent the right to evict appellant who had been holding over since December 2011. Because all of the statutory requirements were met, respondent was entitled to summary judgment.

Even if there were some support in the facts for appellant's arguments and the mortgage were void, those arguments would be beyond the summary nature and limited scope of an eviction proceeding, and this court therefore does not need to consider them. *See Stange*, 631 N.W.2d at 445-46 (rejecting appellant's argument to enlarge the scope of eviction proceedings to adjudicate title claims). Appellant could have raised any counterclaims or equitable defenses in a separate district court proceeding and sought to enjoin the eviction proceedings. *Id.*

## II.

After judgment was entered, the district court stayed execution of the writ of recovery of the premises pending this appeal under Minn. Stat. § 504B.371. The district court conditioned the stay on appellant posting a lump-sum bond and paying an additional amount on a monthly basis. Appellant argues that the district court abused its discretion by denying her request for an "unconditional stay." The authorities on which

8

appellant bases her argument, however, address pre-judgment stays of an eviction proceeding pending resolution of a related civil action, rather than post-judgment stays of execution of the writ of recovery of the premises pending appeal.[3] Therefore, those authorities do not apply to, and show no error in, the district court's decision setting the conditions for a post-judgment stay of execution of the writ of recovery pending this appeal.

An appellate court reviews the district court's issuance of a bond for an abuse of discretion. *DRJ, Inc. v. City of St. Paul*, 741 N.W.2d 141, 144 (Minn. App. 2007); *see also Axford v. W. Syndicate Inv. Co.,* 141 Minn. 412, 414, 168 N.W. 97, 97 (1918), *overruled on other grounds Barrett v. Smith*, 184 Minn. 107, 237 N.W. 881 (1931). If a district court grants a post-judgment stay of execution of the writ of recovery of the premises pending appeal, the appealing party in possession of the premises during appeal "*must* give a bond." Minn. Stat. § 504B.371, subd. 3 (emphasis added). The bond must provide that all costs of the appeal will be paid, the posting party will comply with the

---

[3] *See Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 163-66 (Minn. App. 2014) (affirming a district court's denial of a motion to stay an eviction proceeding based on the eviction defendants' assertion that their claims in a related federal action "were a necessary component of their defense to [the] eviction action"); *Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 192-93 (Minn. App. 2011) (rejecting the argument that "because [the eviction defendants] filed a related action prior to the eviction proceeding, the district court was required to stay the eviction proceeding"); *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 318-19 (Minn. App. 2008) (ruling that the district court abused its discretion by denying a stay of an eviction proceeding when "the counterclaims and defenses . . . necessary to a fair determination of the eviction action" were being litigated in a related action), *review denied* (Minn. Sept. 23, 2008).

court's order, and "all rent and other damages due to the party excluded from possession during the pendency of the appeal will be paid." *Id.*

The district court stayed execution of the writ of recovery of the premises pending appeal. The district court required appellant to pay a monthly bond of $2,064.17 for rental value and property taxes, and a lump-sum bond of $58,757.40 to cover reasonable damages incurred by respondent for being excluded from the property pending appeal. The district court based the monthly bond on an affidavit and supporting documents establishing rental values near the property and property tax information. The district court based the lump-sum bond on the amount of payments appellant missed since she began holding over in January 2012. Appellant argues that she should not have to pay a bond, but that argument is contrary to the plain language of section 504B.371, subd. 3, which specifically requires a party appealing eviction to pay a bond if the party remains in possession. The district court therefore did not abuse its discretion.

**Affirmed.**