*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1948**

Bank of America, National Association,
Respondent,

vs.

James B. Schelling, et al.,
Appellants.

**Filed June 15, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CV-HC-14-5125

Orin J. Kipp, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

William Bernard Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Bjorkman, Presiding Judge; Stauber, Judge; and Klaphake, Judge.[*]

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellants challenge summary judgment in an eviction proceeding, arguing that

(1) respondent's failure to respond to their requests for admissions established facts in

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

their favor that preclude summary judgment and (2) the district court abused its discretion by denying a stay of the eviction action pending the outcome of a related proceeding. We affirm.

**FACTS**

In February 2006, appellants James Schelling and Jacki Schelling granted a mortgage on their Minnetonka property to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Countrywide Bank, N.A. MERS assigned the mortgage to respondent Bank of America, National Association (BOA) in August 2011. The Schellings subsequently defaulted on the mortgage, and BOA commenced foreclosure proceedings by advertisement. BOA purchased the property at the sheriff's sale on March 5, 2014, and the Schellings did not redeem during the six-month redemption period.

On September 18, 2014, BOA commenced this eviction action. The Schellings answered, denying the allegations of the eviction complaint and averring that they would be entitled to possession of the property when they succeeded in a registration action they filed on July 21, 2014, challenging the foreclosure and BOA's title. The Schellings also served discovery requests, including requests for admissions; BOA did not respond. BOA moved for summary judgment. The Schellings opposed summary judgment, arguing that BOA's failure to respond to their requests for admissions established several facts in their favor under Minn. R. Civ. P. 36, and moved for a stay pending the resolution of the registration action. After a hearing before a housing court referee, the

district court denied the Schellings' motion for a stay and granted BOA summary judgment.[1]  The Schellings appeal.

## D E C I S I O N

### I.  BOA's failure to respond to improper and immaterial requests for admissions does not preclude summary judgment.

Summary judgment is appropriate if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law.  Minn. R. Civ. P. 56.03.  On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in applying the law.  *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013).

An eviction action is a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law."  Minn. Stat. § 504B.001, subd. 4 (2014).  A party seeking eviction after a foreclosure must demonstrate that (1) the mortgage on the property has been foreclosed, (2) the statutory redemption period has expired, (3) the party seeking eviction has the right to possess the property, and (4) the other party remains in possession of the property.  Minn. Stat. § 504B.285, subd. 1(a)(1)(ii) (2014).  A sheriff's certificate is prima facie evidence that all legal requirements relating to the sale have been met and that the purchaser holds title in fee after the time for redemption has passed.  Minn. Stat. § 580.19 (2014); *see also* Minn. Stat. § 580.12 (2014) (providing that duly recorded sheriff's certificate, "upon

---

[1] When the referee's findings and order are confirmed by the district court, they become the findings and order of the district court.  Minn. R. Gen. Pract. 602; *see also* Minn. Stat. § 484.70, subd. 7(c) (2014).

expiration of the time for redemption," operates "as a conveyance to the purchaser . . . of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage, without any other conveyance").

The Schellings argue that material fact issues are present by virtue of BOA's failure to respond to their requests for admissions. *See* Minn. R. Civ. P. 36.01 (providing that a party effectively admits a matter of which an admission is requested if it fails to respond within 30 days). We disagree. First, the district court properly determined that the formal discovery procedures set out in the Minnesota Rules of Civil Procedure do not apply because they are inconsistent with the "informal" discovery called for under housing-court rules. *See* Minn. R. Gen. Pract. 601 (providing that Minnesota Rules of Civil Procedure govern housing-court proceedings only "where not inconsistent" with housing-court rules); *see also* Minn. R. Gen. Pract. 612 (stating that housing-court proceedings are "summary" in nature). Second, the Schellings' requests for admissions relate to facts concerning the foreclosure process and the validity of BOA's title—matters that are outside the narrow scope of an eviction proceeding. *See AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445 (Minn. App. 2001). The only material facts are undisputed: The mortgage was foreclosed, BOA purchased the property at the sheriff's sale, the sale was accurately documented in a sheriff's certificate, the sheriff's certificate was properly recorded, the redemption period has expired, and the Schellings remain on the property. On this record, we conclude that no material facts exist and the district court properly granted BOA an eviction judgment.

4

**II.     The district court did not abuse its discretion by denying a stay of the eviction proceeding pending the outcome of the Schellings' registration action.**

A district court has discretion to stay an eviction proceeding in favor of a related action if the moving party shows a "case-specific justification" for doing so. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). "A dispute regarding the underlying mortgage is not such a reason." *Id.* And even when the moving party provides a case-specific reason, the district court is not required to grant a stay. *Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 192 (Minn. App. 2011). We will not reverse the denial of a stay absent an abuse of discretion. *Id.*

The Schellings contend that the "case-specific justification" for staying the eviction proceeding is that the registration action is necessary for BOA to obtain title to the property and therefore "necessary to a fair determination of the eviction action." *See Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 318-19 (Minn. App. 2008) (holding abuse of discretion to deny stay in favor of "necessary" related action), *review denied* (Minn. Sept. 23, 2008). We are not persuaded. BOA must commence a separate proceeding to change the ownership line on the certificate of title. Minn. Stat. § 508.58, subd. 1 (2014). But the Schellings have cited no authority for the proposition that it must do so before it may gain possession through an eviction proceeding. To the contrary, the foreclosure process effectuates the transfer of ownership, regardless of whether the property is registered or not. Minn. Stat. § 580.12; *see also* Minn. Stat. § 508.57 (2014) ("Mortgages upon registered land may be foreclosed in the same manner as mortgages

5

upon unregistered land."). The registration process merely codifies that transfer of ownership. *See* Minn. Stat. § 508.58, subd. 1.

The Schellings failed to demonstrate that the registration action they commenced to challenge BOA's claim to the property has any bearing on the eviction proceeding, let alone that it is *necessary* to a fair determination of that proceeding. Accordingly, we conclude the district court did not abuse its discretion by denying their motion for a stay.

**Affirmed.**