**FEDERAL HOME LOAN MORTGAGE CORPORATION, Respondent,**

v.

**Peter NEDASHKOVSKIY, et al., Appellants.**

**No. A10–1985.**

Court of Appeals of Minnesota.

June 13, 2011.

Eric D. Cook, Caitlin R. Dowling, Wilford & Geske, P.A., Woodbury, MN, for respondent.

Amoun Sayaovong, Legal Solutions LLC, St. Paul, MN, for appellants.

Considered and decided by WRIGHT, Presiding Judge; LARKIN, Judge; and COLLINS, Judge.*

## OPINION

LARKIN, Judge.

Appellants argue that the district court abused its discretion by denying their motion to stay an eviction proceeding. Because appellants did not provide the district court with a case-specific reason why a stay would be appropriate or otherwise necessary to protect their interests, we affirm.

## FACTS

On April 7, 2004, appellants Peter and Nadezhda Nedashkovskiy provided a mortgage encumbering their property, legally described as Lot 7, Block 1, Bridgewater, Anoka County, Minnesota, to Mortgage Electronic Registration Systems, Inc., as nominee for Discover Mortgage Corporation. The mortgage was assigned to Wells Fargo Bank, N.A. on March 17, 2007.

Appellants subsequently defaulted under the terms of the mortgage by failing to make a scheduled balloon payment. As a result, Wells Fargo initiated foreclosure proceedings. The sheriff's sale was held on March 12, 2010, and the property was sold to Wells Fargo subject to a six-month redemption period. The redemption period expired, and Wells Fargo became the fee owner of the property.

On September 24, appellants filed an action in the district court, naming Wells Fargo, Mortgage Network Inc., and Discover Mortgage Corporation as defendants. The complaint alleged the existence of an oral loan-modification contract between appellants and Wells Fargo, in addition to violations of the Deceptive Trade Practices Act and various statutory standards-of-conduct provisions.

On September 27, Wells Fargo conveyed the property to respondent Federal Home Loan Mortgage Corporation (Freddie Mac) via quitclaim deed. On October 19, Freddie Mac commenced an eviction action in district court. The complaint in eviction stated that Freddie Mac was the owner of the property, and the quitclaim deed was attached to the complaint. The district court held an eviction hearing, and appellants moved to stay the proceeding. The district court denied appellants' motion and issued an order granting Freddie Mac immediate possession of the property. This appeal follows, in which appellants claim that the district court abused its discretion by denying their motion to stay the eviction proceeding.[1]

## ISSUE

Did the district court abuse its discretion by refusing to grant appellants' motion for a stay of the eviction proceeding?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The record indicates that appellants have been locked out of their property, but "[a]n appeal from an unlawful detainer judgment is not moot solely because the landlord has enforced a writ of restitution against the tenant." *Scroggins v. Solchaga*, 552 N.W.2d 248, 250 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996).

## ANALYSIS

"Generally, whether to stay a proceeding is discretionary with the district court, [and] its decision on the issue will not be altered on appeal absent an abuse of that discretion...." *Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 358 (Minn.App.2006). "In deciding whether to defer to another court, a district court considers judicial economy, comity between courts, and the cost to and the convenience of the litigants...." *Medtronic, Inc. v. Advanced Bionics Corp.*, 630 N.W.2d 438, 449 (Minn.App.2001).

A person entitled to the possession of real property may recover possession by eviction when any person holds over real property after the expiration of the time for redemption on foreclosure of a mortgage. Minn.Stat. § 504B.285, subd. 1(1)(ii) (2010). " 'Evict' or 'eviction' means a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in this chapter." Minn.Stat. § 504B.001, subd. 4 (2010). Appellants have not challenged Freddie Mac's assertion that they remained in possession of the property after the statutory redemption period. They instead argue that because they filed a related action prior to the eviction proceeding, the district court was required to stay the eviction proceeding.

Appellants rely on *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312 (Minn.App.2008), *review denied* (Minn. Sept. 23, 2008). In *Bjorklund*, this court concluded that the district court abused its discretion by refusing to stay an eviction proceeding pending the outcome of a related action, which was filed prior to the eviction action. *Id.* at 318–20. This court held that "when the counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of

discretion not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending." *Id.* at 318–19. The court therefore concluded that "the district court abused its discretion by failing to grant [a party's] motion to stay the eviction proceedings pending resolution of all of [the party's] claims against Bjorklund in the first-filed action" and further held that "the abuse of discretion constituted reversible error ... because the district court limited the nature and types of claims it allowed [the party] to assert in the eviction action and failed to submit [the party's] claims to the jury." *Id.* at 319. "This decision forced [the party] to present its claims piecemeal and subjected [the party] to the possibility of being collaterally estopped from litigating its claims against Bjorklund to a single jury in a single action." *Id.*

But this court noted that "the district court's decision whether to stay an eviction proceeding is discretionary and that the 'first-filed rule' is not a formal procedural rule but rather a principle based on courtesy and expediency." *Id.* at 318. We further stated that "by itself, the possibility of multiple determinations is not enough to establish that the district court abused its discretion by not staying the proceedings." *Id.* This court also noted that a district court has considerable discretion to stay an eviction proceeding pending the resolution of a first-filed action, but that precedent "does not mandate a stay when other litigation is pending." *Id.*

Even where a moving party provides the district court with a reason for a stay, a stay is not required. For example, in *Real Estate Equity Strategies*, property owners challenged the eviction court's refusal to stay or dismiss an eviction action, alleging that once a foreclosed homeowner is dispossessed of his or her home, the foreclo-

sure purchaser is in control of the property and may either re-let the property, or worse, sell the property to a good-faith purchaser. In that case, Minnesota law prohibits the foreclosed homeowner from affecting the rights of the good-faith purchaser. 720 N.W.2d at 359 (citing Minn. Stat. § 325N.18, subd. 3 (2004)).

Despite the property owners' stated concerns, we held that the district court was not required to stay the eviction action. *Id.* at 360. We reasoned that the owners had other options for protecting their alleged interests, including the filing of a notice of lis pendens regarding their related action. *Id.* at 359–60. Because the owners did not attempt to exercise other "apparently available options for seeking to protect their alleged interests in the property," they did not show that the eviction court abused its discretion by not staying the eviction proceeding. *Id.* at 359. We stated:

> Case-by-case determinations of whether to enjoin pursuit of eviction proceedings are both judicially more efficient (because the decision-maker may have more information and a broader spectrum of issues before it) and more consistent with honoring the summary nature of eviction proceedings. We decline to adopt a universal requirement that eviction proceedings be stayed whenever a [related] claim is asserted.

*Id.* at 360.

■ Even though caselaw provides that a party to an eviction proceeding is not entitled to a stay merely because a related action is pending, appellants did not offer the district court any reason why a stay was appropriate or necessary to protect their interests. Instead, appellants simply asserted that they were entitled to a stay. Appellants' position is at odds with precedent. *See id.* In the absence of some showing that the lack of a stay will compromise a party's interests in the subject property, a district court does not abuse its discretion by denying a motion to stay an eviction proceeding. And even when such a showing is made, the decision whether to grant the stay is entrusted to the district court's discretion. *See id.* Thus, appellants' unsupported motion for a stay was insufficient, and the district court did not abuse its discretion by denying the motion.

## DECISION

■ A party is not entitled to a stay of an eviction proceeding merely because a related action is pending. Instead, the decision whether to stay an eviction proceeding is entrusted to the district court's discretion. Because appellants did not provide the district court with a case-specific reason why a stay was appropriate or necessary to protect their interests, the district court did not abuse its discretion by denying appellants' motion for a stay.

**Affirmed.**