DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, Respondent,

v.

Phillip HANSON, Appellant,

Janet M. Hanson, Appellant.

No. A13–0370.

Court of Appeals of Minnesota.

Jan. 6, 2014.

Kevin T. Dobie, Usset, Weingarden & Liebo, PLLP, St. Louis Park, MN, for respondent.

Shawn B. Reed, Maki & Overom, Limited, Duluth, MN, for appellants.

Considered and decided by
PETERSON, Presiding Judge;
HALBROOKS, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.

Mortgagee Deutsche Bank foreclosed the mortgage on Philip and Janet Hanson's home and bought the house at a sheriff's sale. The Hansons filed a federal lawsuit claiming Deutsche Bank's mortgage was invalid, and Deutsche Bank brought an eviction action in district court in St. Louis County. The Hansons moved to stay the eviction proceeding, arguing that their federal claims regarding the validity of their mortgage were a necessary component of their defense to Deutsche Bank's eviction action. The district court

denied their motion and entered summary judgment for Deutsche Bank. Because a dispute about the validity of the mortgage is not an essential element of a defense to an eviction action, we affirm.

## FACTS

Philip and Janet Hanson mortgaged their long-time Duluth home to Ameriquest Mortgage Company to secure a loan of $587,350 in April 2004 to help their son buy a house. Ameriquest recorded the mortgage and later assigned it to Deutsche Bank National Trust Company. The Hansons were unable to repay the loan, and in August 2006 Deutsche Bank foreclosed. The St. Louis County Sheriff advertised the foreclosure sale, which occurred on November 15, 2006. Deutsche Bank purchased the property.

The Hansons tried to keep ownership by filing a lawsuit in federal district court in May 2007. They alleged that Ameriquest had violated the federal Truth in Lending and Fair Credit Reporting Acts and the Minnesota Uniform Deceptive Trade Act, and they asserted breach-of-contract and unjust-enrichment claims. The Hansons sought to rescind the mortgage, and their case focused on Ameriquest's alleged failure to make various mandatory disclosures and provide required documents associated with the loan. The case presented questions of fact common to other federal cases pending against Ameriquest, so it was transferred to the Northern District of Illinois in July 2007. The Hansons' attorney withdrew from the case after the transfer, in October 2007, and the record suggests that the Hansons have taken no action in the matter since then.

Seeking to remove the Hansons from the property, Deutsche Bank filed an eviction action on November 8, 2012, more than five years after the Hansons' last apparent action in their federal suit

against Ameriquest and almost six years after Deutsche Bank bought the foreclosed property. The Hansons did not redeem the mortgage during the six-month redemption period after the foreclosure sale. The sheriff therefore served notice on the Hansons, who still resided at the property, and a hearing was scheduled for January 10, 2013. Before the hearing, Deutsche Bank moved for summary judgment and a writ of recovery for the property while the Hansons moved to dismiss or stay the proceeding.

The district court found that Deutsche Bank had complied with the statutory requirements for eviction and that nothing required it to grant a stay. It therefore entered judgment in favor of Deutsche Bank and issued a writ of recovery for the property.

The Hansons appeal.

## ISSUE

Did the district court abuse its discretion by refusing to stay the eviction proceeding due to the Hansons' pending federal case?

## ANALYSIS

 The Hansons contend that the district court erred by denying their motion to stay the eviction proceeding. District courts have discretion when deciding whether to grant a stay in an eviction proceeding. *Rice Park Props. v. Robins, Kaplan, Miller & Ciresi*, 532 N.W.2d 556, 556 (Minn.1995). We review the district court's decision not to grant a stay only for abuse of discretion. *Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 358 (Minn.App.2006).

 The Hansons argue that the district court should have stayed the eviction proceeding against them because they had already challenged the validity of their mortgage in a pending federal case. Eviction actions are summary proceedings that are intended to adjudicate only the limited question of present possessory rights to the property. *Lilyerd v. Carlson*, 499 N.W.2d 803, 812 (Minn.1993). Parties generally may not litigate related claims in an eviction proceeding. *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445–46 (Minn.App.2001). Defendants may, however, raise defenses and counterclaims that fit within the limited scope of an eviction proceeding. *Id.* at 445. They may also request a stay if another action related to the property is pending, but pending litigation alone does not mandate a stay. *Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 193 (Minn.App.2011). We have previously held that a district court abuses its considerable discretion if it refuses to stay an eviction proceeding when defenses or counterclaims that are essential in the eviction action are also at issue in a pending civil case. *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 319 (Minn.App.2008), *review denied* (Minn. Sept. 23, 2008). But a party attempting to stay an eviction action must provide a case-specific justification for granting a stay. *Nedashkovskiy*, 801 N.W.2d at 193. A dispute regarding the underlying mortgage is not such a reason. *Real Estate Equity Strategies*, 720 N.W.2d at 358–59. And the district court is not obligated to grant a stay even when the party does provide a case-specific reason. *Nedashkovskiy*, 801 N.W.2d at 193; *Real Estate Equity Strategies*, 720 N.W.2d at 359 (holding that the potential adverse effects of dispossession did not require a stay where the foreclosed homeowner had other options for protecting his legal interests).

The Hansons argue that the district court was required to impose a stay because their defenses to the eviction proceeding were identical to issues already

raised in their pending federal case. Their argument relies primarily on our decision in *Bjorklund*, but this reliance is misplaced. The most significant distinction is that the district court addressing the eviction action in *Bjorklund* found that some of the claims in a previously filed civil action were essential to the defense of the eviction action. 753 N.W.2d at 319. *Bjorklund* presented an unusual factual scenario that emerged from a dispute about the ownership of shares in a family-run corporation. A father transferred the majority of the shares of his trucking company equally to his son and daughter. *Id.* at 314. As part of the sale, the company agreed to make regular payments to the father. *Id.* The company alleged that these payments would continue only until the father could collect his pension, at which point he would transfer to the company the title to real property the company occupied. *Id.* When the daughter's husband later bought the outstanding shares, the son sued for violation of his preemptive rights and the company brought cross-claims against the father for specific performance of the alleged agreement to transfer the real estate. *Id.* at 315. The father claimed that he had been collecting the payments as rent for the real estate, never intending to sell it, and sued separately to evict the company while the initial case was pending. *Id.* In the eviction suit, the company's defense revolved around the alleged agreement to transfer the real estate, but the district court forced it to present elements of this defense piecemeal. *Id.* at 316–17. The district court denied a stay of the eviction proceeding, and we held on appeal that denying the stay constituted an abuse of discretion because the alleged agreement to sell the property in the pending case was central to the eviction proceeding. *Id.* at 319.

We do not accept the Hansons' suggestion that *Bjorklund* governs here. Their argument oversimplifies the issue by distilling *Bjorklund* and this case into a single question: did the party seeking eviction properly possess title? We would apply *Bjorklund* to deem the district court's denial of a stay in this eviction action to be an abuse of discretion only if the claims that the Hansons had raised in their federal litigation were essential to the defenses or counter-claims in their eviction proceeding. We are not persuaded by the Hansons' argument that Deutsche Bank cannot show that it is entitled to a writ of recovery without establishing the validity of the foreclosed mortgage. A dispute over ownership alone does not show necessity under *Bjorklund.* If it did, the exception would swallow the rule: disputes over ownership are routinely at the heart of eviction disputes. And we have already held that eviction proceedings adjudicate only the right to present possession of property, not disputes over ownership. *Real Estate Equity Strategies*, 720 N.W.2d at 357. There must be a case-specific reason justifying a stay, and even then a stay is not required. *Nedashkovskiy*, 801 N.W.2d at 193. A challenge to the validity of the mortgage itself is an insufficient reason. *Real Estate Equity Strategies*, 720 N.W.2d at 358–59. We conclude that this is true even if the defendants in the eviction action are contesting the validity of their mortgage in pending federal litigation.

To succeed on appeal, the Hansons must establish a more specific reason for a stay. They do not. The violations of the Truth in Lending and Fair Credit Reporting Acts and the Minnesota Uniform Deceptive Trade Act they allege do not directly pertain to the eviction proceeding Deutsche Bank initiated. Unlike the claims in *Bjorklund*, the Hansons' federal claims are not significantly entangled with the proof in an eviction proceeding. Here

the Hansons claim that Deutsche Bank's title is flawed because of Ameriquest's actions, which is an issue not central to the eviction proceeding. The district court correctly concluded that it could proceed without addressing them. The district court did not abuse its discretion by not staying the eviction proceeding.

The Hansons urge separately that equity requires a stay. They contend that, if evicted, they could face additional litigation against future purchasers and a tougher path to recovering the disputed property. Their argument does not persuade us. Settled law holds that a stay is not necessary in an eviction action when adequate alternatives are available, such as filing a notice of lis pendens or seeking an injunction from the court where other claims are pending. *William Weisman Holding Co. v. Miller*, 152 Minn. 330, 332, 188 N.W. 732, 733 (1922); *Real Estate Equity Strategies*, 720 N.W.2d at 359–60 (affirming the decision to allow a landlord's eviction action to proceed, even though a pending action could prove that the landlord lacked title, because alternatives were available to the tenant). Nothing in the record indicates that the Hansons have sought an injunction, or taken much action at all, in federal district court. Their extended inactivity does not reflect favorably on their appeal to equity. And other options, such as filing a notice of lis pendens, may remain available if the Hansons are evicted. Because the Hansons may have options for contesting the ownership of and protecting their interests in the disputed property, equity does not mandate a stay.

## DECISION

Because eviction proceedings are limited to adjudicating the right to present possession of property, claims raised in a previously filed case are necessary in an eviction action only if issues raised in the pending action are essential to the eviction action. Resolving a challenge to the validity of the foreclosed mortgage is not essential to an eviction action. A district court therefore does not abuse its discretion by denying a defendant's motion to stay an eviction proceeding when the defendant has challenged his mortgage in a pending case unless the defendant provides a more compelling, case-specific reason why a stay is appropriate. The Hansons did not provide such a reason and the district court did not abuse its discretion when it declined to stay the eviction proceeding.

**Affirmed.**