*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0142**

The Bank of New York Mellon
formerly known as the Bank of New York, as Trustee,
Respondent,

vs.

Anthony J. Tatro, et al.,
Defendants,
Matthew Jaakola, et al.,
Appellants.

**Filed October 6, 2014
Affirmed
Reyes, Judge**

Anoka County District Court
File No. 02CV135303

John M. Miller, Peterson, Fram & Bergman, P.A., St. Paul, Minnesota (for respondent)

William Bernard Butler, Butler Liberty Law, L.L.C., Minneapolis, Minnesota (for appellants)

Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

In this eviction dispute, appellants argue that (1) respondent lacked standing to bring the eviction action; (2) the district court should have taken judicial notice of New

York trust law and the fact that it was not satisfied by respondent, meaning that respondent did not have legal capacity to bring suit; (3) the district court should have stayed this proceeding pending resolution of a federal quiet-title action; and (4) the district court erred in granting summary judgment to respondent.[1]  We affirm.

## FACTS

In November 2005, Anthony and Milissa Tatro executed a mortgage on property located in Ham Lake.  The mortgage was assigned to respondent The Bank of New York Mellon (BNYM) in July 2010.  BNYM then began foreclosure proceedings, resulting in foreclosure by advertisement.  On July 18, 2011, BNYM purchased the property at the foreclosure sale, subject to a six-month redemption period, which expired on

---

[1] This case is being considered on its own merits.  Nevertheless, we note that appellants' attorney, William Bernard Butler, has had a number of cases before this court in which he essentially makes the same unavailing arguments that he makes here.  *See, e.g.*, *Bank of America, N.A. v. Smith*, A13-2299, (Minn. App. Aug. 4, 2014); *Fed. Home Loan Mortg. Corp. v. Briggs*, A13-2089, (Minn. App. July 14, 2014); *Wilmington Trust Co. v. Northwick*, A13-2266, (Minn. App. June 2, 2014).

In federal court, Mr. Butler engaged in the dubious practice of taking "a group of a dozen or so individuals who are facing foreclosure but otherwise have no connection to one another" to pursue frivolous "show-me-the-note" claims, sometimes judge-shopping by voluntarily dismissing an action and "reorder[ing] the names of the plaintiffs or substitute[ing] a new plaintiff for one of the old plaintiffs, so that the refiled case would have a different caption."  *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 981 (D. Minn. 2012).  "[W]hile all of this drag[ged] on month after month, Butler [continued to collect] fees from his clients."  *Id.* at 982.  For his "extraordinarily egregious and brazen" conduct, *id.* at 1004, Butler was suspended from practicing law before the Eighth Circuit Court of Appeals and the United States District Court for the District of Minnesota.  *In re Butler*, No. 13-9013 (8th Cir. Dec. 26, 2013) (order of suspension).

January 18, 2012, without being redeemed, and the foreclosure record was filed with the Anoka County recorder's office.[2]

The property, however, continues to be occupied by appellants Matthew and Kristen Jaakola, who purportedly acquired their alleged interest in the property via a pair of quitclaim deeds, one dated December 17, 2011, and the other dated September 10, 2013. In September 2013, BNYM commenced the eviction action at issue in this case, seeking possession of the property. The Jaakolas moved the district court to stay the action pending the outcome of their then-pending federal suit.[3] They also requested that the district court take judicial notice of certain facts. BNYM moved for summary judgment. The district court denied the Jaakolas' motion and request and granted summary judgment to BNYM for eviction, concluding the requirements of the applicable eviction statute, Minn. Stat. § 504B.285, subd. 1(1)(ii) (2012), had been satisfied and that BNYM was entitled to possession of the property. This appeal follows.

---

[2] Also in 2011, BNYM was named as a defendant in an action removed to U.S. District Court for the District of Minnesota in which the plaintiffs in that action, including Milissa Tatro, challenged the foreclosure and BNYM's title to the property. *Wang Xang Xiong v. Bank of Am., N.A.*, CIV. 11-3377 JRT/JSM, 2012 WL 4470274 (D. Minn. Sept. 27, 2012) *aff'd sub nom. Welk v. Bank of Am., N.A.*, 515 F. App'x 640 (8th Cir. 2013). The case was dismissed with prejudice, and the United States Court of Appeals for the Eighth Circuit affirmed.

[3] On September 27, 2013, the Jaakolas filed an action in state court, which was removed to U.S. District Court for the District of Minnesota on October 23, 2013, challenging the foreclosure and BNYM's title to the property. *Jaakola v. The Bank of New York Mellon*, CIV 13-2919 DSD-JSM 2014 WL 4055538 (D. Minn. Aug 15, 2014). The case was dismissed with prejudice. *Id.*

# D E C I S I O N

## I.    Standing

The Jaakolas argue that BNYM does not have standing to bring an eviction action. Standing is a legal question which this court reviews de novo. *Builders Ass'n of Minn. v. City of St. Paul*, 819 N.W.2d 172, 176 (Minn. App. 2012). Standing "requires a party to demonstrate a 'sufficient stake in a justiciable controversy to seek relief from a court.'" *Id.* (quoting *Enright v. Lehmann*, 735 N.W.2d 326, 329 (Minn. 2007)). For standing to exist, "a party must have suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and "[t]he injury must be traceable to the challenged action" and "capable of being redressed in court." *Id.* (quotation omitted).

Although the Jaakolas frame their argument as a standing issue, their assertion that BNYM lacks standing is grounded in their belief that the foreclosure was invalid. But the foreclosure action is not part of this appeal; this is an appeal from the eviction proceeding. And as to the eviction proceeding, BNYM holds the sheriff's certificate of sale, having purchased it following the expiration of the redemption period. *See* Minn. Stat. § 580.19 (2012) (providing that a "sheriff's certificate of sale . . . shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale . . . after the time for redemption therefrom has expired"). An eviction action is limited to the question of who has a greater right to present possession of a property. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). By virtue of holding the sheriff's certificate, BNYM has a definite interest in resolving the conflict of

4

who is entitled to present possession of the property.  There is no question that BNYM

has standing to pursue the eviction action.

## II.     Legal capacity and judicial notice

The Jaakolas argue that BNYM does not have the "legal capacity"[4] to bring this

action and that the district court abused its discretion when it did not take judicial notice

of New York trust law, which would serve to bar BNYM's ability to bring the eviction

proceeding.  This argument is premised on the theory that BNYM's interest in the

mortgage is defective.  But an eviction proceeding "merely determines the right to

present possession and does not adjudicate the ultimate legal or equitable rights of

ownership possessed by the parties."  *Dahlberg v. Young*, 231 Minn. 60, 68, 42 N.W.2d

570, 576 (1950).  As a result, the Jaakolas' argument is without merit.

Moreover, the crux of the Jaakolas' request for judicial notice asks that the district

court draw a legal conclusion about the effect of New York law regarding trusts on

contracts involved in this dispute.  But legal questions are not properly the subject of

judicial notice under Minn. R. Evid. 201, which governs only the judicial notice of

adjudicative facts.  *See In re Miner*, 424 N.W.2d 810, 813 (Minn. App. 1988) ("A

judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

---

[4] The Jaakolas appear to use "legal capacity" and "standing" interchangeably.  But these concepts are distinct.  *See Cochrane v. Tudor Oaks Condo. Project*, 529 N.W.2d 429, 433 (Minn. App. 1995) ("In contrast to subject matter jurisdiction, which concerns the court's ability to consider a question, and standing, which concerns a party's right to bring a particular action, capacity to sue concerns a party's right to maintain any action.  By arguing that [respondent] did not have the right to maintain an action, appellants are in fact arguing [respondent's] lack of capacity to sue."), *review denied* (Minn. May 31, 1995).

generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (quoting Minn. R. Evid. 201(b) (quotation marks omitted)), *review denied* (Minn. July 28, 1988). Even if the Jaakolas' claims were properly raised in this proceeding, the district court did not abuse its discretion in denying the Jaakolas' request for judicial notice. *In re Conservatorship of Torres*, 357 N.W.2d 332, 341 (Minn. 1984) ("[R]ulings on the admissibility of evidence are left to the sound discretion of the trial court.").

## III. Stay of action

We review the district court's decision on whether to stay an eviction proceeding for an abuse of discretion. *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 317 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008).

When deciding whether to stay an eviction proceeding because of other pending litigation, a court considers "judicial economy, comity between courts, and the cost to and the convenience of the litigants." *Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 192 (Minn. App. 2011) (quotation omitted). Even when a party provides a basis for a stay, "a stay is not required" in light of the "considerable discretion" a district court has in determining whether to grant a stay. *Id.*

The Jaakolas rely on *Bjorklund*, in which this court reversed the district court's decision to deny a stay of an eviction action as an abuse of discretion. 753 N.W.2d at 314. This court held that "when the counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of discretion not to grant a stay of the

6

eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending." *Id.* at 318-19. But in *Bjorklund*, it was not clear whether appellant purchased the property or had a lease agreement, or who was entitled to possession of the property. *Id.* at 316, 319. Here, however, the Jaakolas' civil action was filed after the foreclosure, the sheriff's sale, and the expiration of the redemption period. This record does not present the same confusion relating to possessory interest that existed in *Bjorklund*. As a result, the district court did not abuse its discretion by denying the Jaakolas a stay of the eviction action.

## IV. Summary judgment

The Jaakolas argue that, because the foreclosure was invalid, there is a genuine issue of material fact as to whether BNYM is entitled to present possession of the property and that the district court erred by granting summary judgment to BNYM.

This court reviews the district court's grant of summary judgment to determine whether there are genuine issues of material fact and whether the district court erred in interpreting or applying the law. *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, this court reviews the evidence de novo, in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

7

Eviction actions are governed by Minn. Stat. §§ 504B.281-.371 (2012). An eviction action is described as a "summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by process of law." Minn. Stat. § 504B.001, subd. 4 (2012). The scope of an eviction action is limited to the question of "present possessory rights to the property." *Hanson*, 841 N.W.2d at 164. Generally, other related claims are not litigated in an eviction proceeding, unless they "fit within the limited scope of an eviction proceeding." *Id.* An eviction proceeding is the appropriate action to recover possession of property when "any person holds over real property . . . after the expiration of the time for redemption on foreclosure of a mortgage." Minn. Stat. § 504B.285, subd. 1(1).[5] The plaintiff seeking possession must demonstrate that (1) a person remains in possession of real property; (2) the mortgage was foreclosed; (3) the redemption period has expired; and (4) the plaintiff is entitled to possession of the property. *Id.*

The Jaakolas argue that BNYM failed to prove that the mortgage was legally foreclosed and it is therefore not entitled to possession of the property. But an eviction proceeding "adjudicate[s] only the right to present possession of property, not disputes over ownership." *Hanson*, 841 N.W.2d at 165. Challenges to the validity of the mortgage or foreclosure process are generally brought in a separate proceeding, in which the party raising the challenges can also seek an injunction to stay the eviction action. *AMRESCO Resid'l Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001).

---

[5] Although the 2014 Session Laws indicate that this section will be recodified as Minn. Stat. § 504B.285, subd. 1(a)(1) (2014), the quoted language remains the same.

8

The Jaakolas followed this procedure, bringing a quiet-title action in district court to attack the validity of the securitization procedure and the foreclosure.  This action was removed to federal district court and faces dismissal.  BNYM, meanwhile, has a sheriff's certificate of sale, which is "prima facie evidence that all the requirements of law [for foreclosure] have been complied with."  Minn. Stat. § 580.19.  BNYM has provided proof of foreclosure, the redemption period has ended, and the Jaakolas' continued occupation of the property.  BNYM has also demonstrated that it has a present possessory right to the property.  The Jaakolas, in contrast, present no facts that dispute or rebut BNYM's possessory interest.  Accordingly, the district court did not err by granting summary judgment to BNYM.

**Affirmed.**