*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A14-1805

Bank of America, National Association,
Respondent,

vs.

Terry Alan Thornberg, et al.,
Appellants,

John Doe, et al.,
Defendants.

**Filed May 18, 2015**
**Affirmed**
**Rodenberg, Judge**

Anoka County District Court
File No. 02-CV-14-5035

Curt N. Trisko, Schiller & Adam, P.A., St. Paul, Minnesota (for respondent)

William Bernard Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Stauber, Presiding Judge; Bjorkman, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellants challenge the district court's grant of summary judgment in favor of respondent and its denial of their motion requesting a stay of the proceedings. We affirm.

# FACTS

On March 2, 2005, appellants Terry Thornberg and Marci Thornberg executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Prime Mortgage Corporation. The mortgage was filed with the Anoka County Registrar of Titles (Anoka) on March 17, 2005. On September 23, 2010, Bank of America National Association (Bank of America) filed an assignment of the mortgage with Anoka.

Appellants stopped making payments on their mortgage sometime in 2009 or 2010. Bank of America initiated foreclosure proceedings on August 7, 2010. A sheriff's sale was held on January 10, 2014. Bank of America was the high bidder. A sheriff's certificate was recorded on January 14, 2014. The six-month redemption period expired July 10, 2014. Appellants did not redeem and remained on the premises.

On August 25, 2014, Bank of America served an eviction summons. At some point, appellants initiated a separate Torrens proceeding. On September 18, 2014, appellants filed a motion to stay the eviction proceedings pending a decision in the Torrens action. Appellants claimed that they were entitled to a stay because "discovery will be required to ascertain the legal owner of the [appellants'] mortgage."

The next day, September 19, Bank of America moved the district court for summary judgment. On September 29, 2014, appellants moved the district court for summary judgment in their favor and submitted a memorandum opposing Bank of America's motion for summary judgment. Appellants argued that either summary judgment should be denied to Bank of America and granted to appellants, or a stay

should be granted. Appellants argued that they were entitled to summary judgment because "[t]he factual record shows clearly that no default occurred here, meaning that [Bank of America] was not entitled to foreclose." In addition to appellants' argument that Bank of America does not have standing, appellants argued that "equity bars [Bank of America] from taking possession" of their home because they "have invested over $600,000 in their home." Appellants also argued that the underlying foreclosure was improper. The only argument in appellants' motion in support of staying the proceeding was that there was a pending Torrens proceeding.

The district court granted Bank of America's summary judgment motion, denied appellants' request for a stay, and denied appellants' counterclaims. The district court found that appellants defaulted on their mortgage, that Bank of America was the high bidder at the sheriff's sale, that appellants did not redeem the property before the expiration of the redemption period, and that the appellants remained on the property. The district court held that "[Bank of America] has met its burden under Minn. R. Civ. P. 56 by demonstrating that it is a person entitled to the premises under Minn. Stat. § 504B.285, subd. 1(1)(ii)" and that there were no issues of material fact. Further, the district court held "[appellants] are not entitled to a stay of this action merely because they have commenced another action challenging the validity of the underlying foreclosure," citing *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161 (Minn. App. 2014). The district court later granted a conditional stay of the writ of recovery, requiring appellants to post security of $82,867.60. This appeal followed.

**D E C I S I O N**

On appeal from a grant of summary judgment, we review de novo "whether there are any genuine issues of material fact and whether the district court erred in its application of the law. We view the evidence in the light most favorable to the party against whom summary judgment is granted." *STAR Centers, Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002) (citations omitted). "Eviction actions are summary proceedings that are intended to adjudicate only the limited question of present possessory rights to the property. Parties . . . generally may not litigate related claims in an eviction proceeding." *Hanson*, 841 N.W.2d at 164 (citations omitted).

"A party entitled to possession of real property may recover possession by eviction when any person holds over real property after the expiration of the time for redemption on foreclosure of a mortgage." *Fed. Home Loan Mortg. Corp. v. Nedashkovskiy*, 801 N.W.2d 190, 192 (Minn. App. 2011); *see* Minn. Stat § 504B.285, subd. 1(1)(ii) (2014). A sheriff's certificate is prima facie evidence of a valid sale and conveyance of title. Minn. Stat. § 580.19 (2014).

Appellants submitted evidence to the district court which indicates that they were not in default but, rather, two years ahead of their mortgage payments. Even viewing the evidence in the light most favorable to appellants, this information would not compel the conclusion that the district court erred in granting summary judgment. This evidence goes to whether the underlying foreclosure was valid, an issue not properly litigated in an eviction proceeding. *See Hanson*, 841 N.W.2d at 164; *Fed. Home Loan Mort. Corp. v. Mitchell*, ___ N.W.2d ___, ___, 2015 WL 1401595, at *4 (Minn. App. Mar. 30, 2015).

4

Appellants do not dispute that respondent is reflected by the sheriff's certificate as the successful buyer at the January 10, 2014 sheriff's sale.

Appellants also argue that the district court abused its discretion when it refused to unconditionally stay the proceedings. Appellants assert that "the case-specific reason for stay [is] the fact that they will regain possession upon successful resolution of the contested case Torrens proceeding." Appellants also assert that the district court erred in granting Bank of America's motion for summary judgment, principally because the underlying foreclosure was in error.

We review a district court's decision to deny a stay for an abuse of discretion. *Hanson*, 841 N.W.2d at 164. "[P]ending litigation alone does not mandate a stay." *Id.* A dispute concerning the underlying foreclosure is not a case-specific reason to grant a stay. *Id.* Further, "the district court is not obligated to grant a stay even when the party does provide a case-specific reason." *Id.*

The only reasons identified by appellants to the district court, and to us, for staying the eviction proceedings is that there is a pending Torrens proceeding and that the underlying foreclosure was invalid. The district court did not abuse its discretion in denying the stay and, in fact, analyzed the issue correctly.

**Affirmed.**