*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1136**

U. S. Bank National Association,
Respondent,

vs.

Blanca J. Sacta, et al.,
Appellants,

John Doe, et al.,
Defendants.

**Filed June 15, 2015
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-HC-14-1726

Jared D. Kemper, Dykema Gossett PLLC, Minneapolis, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

 Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Harten, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**PETERSON**, Judge

Appellants challenge the district court's grant of summary judgment to respondent in this eviction action following a mortgage foreclosure.  We affirm.

**FACTS**

Appellants Blanca and Luis Sacta granted a mortgage on their home to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for BNC Mortgage, Inc.  The mortgage became part of a securitized mortgage trust, for which LaSalle Bank, N.A., acted as trustee.  Bank of America, N.A., became trustee when it merged with LaSalle; respondent U.S. Bank, National Association (the bank), became the successor trustee to Bank of America.  The mortgage was assigned to the bank by MERS on February 24, 2012.

Because appellants defaulted on the mortgage, the bank began foreclosure proceedings, which resulted in a sheriff's sale on June 6, 2013, at which the bank purchased the property.  Appellants did not exercise their right to redeem the property following the sheriff's sale, but they continued to occupy the property.  The bank filed an eviction complaint after the redemption period expired.

Both parties moved for summary judgment, and the district court granted summary judgment to the bank.  This appeal followed.  In lieu of a bond under Minn. Stat. § 504B.371, subd. 3 (2014), appellants were ordered to pay a monthly deposit of $500 into court, but the monthly deposit was returned following an amendment to Minn. R.

Civ. App. P. 107.01 that eliminated the need for a cost bond unless the district court orders one after a motion and for good cause shown.

**D E C I S I O N**

"We review de novo the district court's grant of summary judgment to determine whether genuine issues of material fact exist and whether the district court erred in applying the law." *Ruiz v. 1st Fid. Loan Servicing, LLC,* 829 N.W.2d 53, 56 (Minn. 2013).

**I.**

Appellants argue that because of various problems with the assignment of their mortgage to the bank, the foreclosure was invalid and, as a result, the bank lacked standing and legal capacity to bring this eviction action. The district court concluded that appellants' "claims regarding the validity of the underlying foreclosure are not defenses to an eviction action, but claims they must bring in a non-eviction proceeding." We agree.

An eviction action is a summary proceeding intended to adjudicate the limited question of who has a present possessory right to a property. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014); *see also* Minn. Stat. § 504B.001, subd. 4 (2014) (defining "eviction" as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in this chapter"). "Parties generally may not litigate related claims in an eviction proceeding," but defendants may "raise defenses and counterclaims that fit within the limited scope of an eviction proceeding." *Hanson*, 841 N.W.2d at 164.

3

Challenges to the validity of the mortgage or foreclosure process may be raised in a separate proceeding, in which the party raising the challenges may seek a stay of the eviction action. *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001); *see also Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 359-60 (Minn. App. 2006) (identifying remedies a tenant may pursue outside of an eviction action).

Furthermore, this court recently held that when the former owners of property that is sold at a sheriff's sale remain in possession of the property after the redemption period expires, the holder of the sheriff's certificate of sale suffers an injury in fact and has standing and the legal capacity to bring an eviction action. *See Fed. Home Mortg. Corp. v. Mitchell*, 862 N.W.2d 67, 71 (Minn. App. 2015), *pet. for review filed* (Minn. Apr. 30, 2015). Appellants' challenges to the bank's standing and legal capacity are meritless.

Appellants argue that Minn. Stat. § 504B.121 (2014) specifically permits them to challenge the bank's title in this eviction action because they obtained their interest in the property before the bank obtained its interest. That statute states:

> A tenant in possession of real property under a lawful lease may not deny the landlord's title in an action brought by the landlord to recover possession of the property. This prohibition does not apply to a tenant who, prior to entering into the lease, possessed the property under a claim of title that was adverse or hostile to that of the landlord.

Minn. Stat. § 504B.121. Because appellants have not entered into a lease and are not in possession of the property under a lease, this statute does not apply to this eviction action. *See Mitchell*, 862 N.W.2d at 72-73 (explaining that former owners who remain in

4

possession of property following foreclosure and sheriff's sale are not "tenants" within meaning of Minn. Stat. § 504B.121).

## II.

Appellants argue that the district court erred by granting summary judgment to the bank because the court failed to take judicial notice of facts set forth in appellants' motion for judicial notice and other pleadings. Minn. R. Evid. 201(d) directs a court to "take judicial notice if requested by a party and supplied with the necessary information." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the [district] court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(b).

Judicially noticed facts must be relevant. *See Dahlbeck v. DICO Co.*, 355 N.W.2d 157, 164 (Minn. App. 1984) (stating that "Federal Register shall be judicially noticed unless it is not relevant"), *review denied* (Minn. Feb. 6, 1985). The facts that appellants requested the district court to judicially notice related to appellants' claims regarding the validity of the underlying mortgage foreclosure. Because these claims were not properly raised in the eviction proceeding, the facts are not relevant, and the district court properly denied appellants' motion requesting that the court take judicial notice.

## III.

Citing *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 319-20 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008), appellants argue that the district court abused its discretion by denying them an unconditional stay of the eviction proceeding.

5

In *Bjorklund*, this court held that when "counterclaims and defenses are necessary to a fair determination of the eviction action, it is an abuse of discretion not to grant a stay of the eviction proceedings when an alternate civil action that involves those counterclaims and defenses is pending." 753 N.W.2d at 318-19. Because *Bjorklund* does not address whether conditions must, must not, or may be imposed on any stay granted, appellants' argument that, under *Bjorklund*, they are entitled to an unconditional stay, is incorrect. Moreover, because no alternate civil action was pending, the district court did not abuse its discretion by denying appellants an unconditional stay of the eviction proceeding.

**Affirmed.**