*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1470**

S3 Holdings, LLC,
Respondent,

vs.

Stephen R. Niosi, et al.,
Appellants,

John Doe, et al.,
Defendants.

**Filed July 6, 2015
Affirmed
Peterson, Judge**

Scott County District Court
File No. 70-CV-14-9903

Kelly V. Griffitts, Griffitts Law Office, PLLC, Bloomington, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a summary judgment in an eviction action, appellants argue that respondent lacked standing to bring the action and that the district court erred by

granting summary judgment in favor of respondent and abused its discretion by refusing to grant an unconditional stay of the eviction proceedings. We affirm.

## FACTS

In 2003, appellants Stephen R. Niosi and Kimberly A. Niosi executed a mortgage in favor of Washington Mutual Bank, F.A., on a house they owned in Prior Lake. The mortgage was assigned to JP Morgan Chase in 2012. Appellants defaulted on the mortgage, and JP Morgan Chase began foreclosure proceedings in February 2013.

In April 2013, appellants filed an affidavit of postponement under Minn. Stat. § 580.07, subd. 2(2) (2014), which postponed the sheriff's sale for five months, but shortened the redemption period from six months to five weeks. After several additional postponements, the sheriff's sale was held in January 2014. JP Morgan Chase purchased the property and received the sheriff's certificate of sale. The redemption period ended in February 2014. Appellants did not exercise their redemption right. After the redemption period expired, JP Morgan Chase conveyed its interest in the property to respondent S3 Holdings, LLC by quitclaim deed.

Appellants continued to occupy the property, and in June 2014, respondent filed an eviction complaint. In August 2014, the district court issued its findings, conclusions, and order for judgment, granting summary judgment in favor of respondent and an immediate writ of recovery. Judgment was entered on the order, and appellants filed a notice of appeal to this court and asked that execution of the writ of recovery be stayed during the appeal. The district court ordered a stay of the writ of recovery conditioned on

appellants' posting a monthly bond of $2,975.67, an amount that would cover monthly property taxes and foregone rental value of the property.

## D E C I S I O N

We review the district court's summary-judgment decision de novo to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law. *Ruiz v. 1st Fid. Loan Servicing, LLC,* 829 N.W.2d 53, 56 (Minn. 2013).

## I.

Appellants argue that respondent did not have standing to bring this eviction action because the assignments of their mortgage to and from the parties to the trust that held the mortgage are not recorded and, therefore, the foreclosure was void. Alternatively, appellants argue that respondent lacked standing because JP Morgan Chase transferred its interest in the sheriff's certificate of sale to respondent more than ten years after the closing date of the trust, which made the transfer void under New York law. The district court concluded that it was not appropriate to litigate such issues in an eviction action. We agree.

An eviction action is a summary proceeding intended to adjudicate the limited question of who has a present possessory right to a property. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014); *see also* Minn. Stat. § 504B.001, subd. 4 (2014) (defining "eviction" as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law set out in this chapter"). "Parties generally may not litigate related claims

3

in an eviction proceeding," but defendants may "raise defenses and counterclaims that fit within the limited scope of an eviction proceeding." *Hansen*, 841 N.W.2d at 164. Challenges to the validity of the mortgage or foreclosure process may be raised in a separate proceeding, in which the party raising the challenges may seek a stay of the eviction action. *AMRESCO Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001); *see also Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 359-60 (Minn. App. 2006) (identifying remedies a tenant may pursue outside of an eviction action).

Furthermore, this court recently held that when the former owners of property that was sold at a sheriff's sale remain in possession of the property after the redemption period expires, the holder of the sheriff's certificate of sale suffers an injury in fact and has standing to bring an eviction action. *See Fed. Home Mortg. Corp. v. Mitchell*, 862 N.W.2d 67, 71 (Minn. App. 2015), *pet. for review filed* (Minn. Apr. 30, 2015). Appellants' challenges to respondent's standing are meritless.

Appellants argue that Minn. Stat. § 504B.121 (2014) specifically permits them to challenge respondent's title in this eviction action because they obtained their interest in the property before respondent obtained its interest. That statute states:

> A tenant in possession of real property under a lawful lease may not deny the landlord's title in an action brought by the landlord to recover possession of the property. This prohibition does not apply to a tenant who, prior to entering into the lease, possessed the property under a claim of title that was adverse or hostile to that of the landlord.

4

*Id.* Because appellants have not entered into a lease and are not in possession of the property under a lease, this statute does not apply to this eviction action. *See Mitchell*, 862 N.W.2d at 72-73 (explaining that former owners who remain in possession of property following foreclosure and sheriff's sale are not "tenants" within meaning of Minn. Stat. § 504B.121).

## II.

Appellants argue that the district court erred by granting summary judgment in favor of respondent. A district court must grant summary judgment if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. A party seeking eviction after a foreclosure must demonstrate that (1) the other party remains in possession of the property; (2) the mortgage on the property has been foreclosed; (3) the time for redemption has expired; and (4) the party seeking eviction has a right to possession of the property. Minn. Stat. § 504B.285, subd. 1(1)(ii) (2014). The record shows that appellants remain in possession of the property, the mortgage was foreclosed, the time for redemption has expired, and JP Morgan Chase, the holder of the sheriff's certificate of sale, transferred its interest in the property to respondent, which gave respondent a right to possess the property. The district court did not err by granting summary judgment to respondent.

## III.

Relying on *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312, 318-19 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008), appellants argue that the district court abused its discretion by denying an unconditional stay of the eviction

proceeding when there is a pending title action that involves the same defenses and counterclaims. The district court's decision on whether to grant a stay is reviewed under an abuse-of-discretion standard. *Id.* at 317.

Although it appears that appellants brought an action to register title in district court after the redemption period ended, appellants have provided no information about that proceeding. Another proceeding subsequent, which was brought by JP Morgan Chase, was dismissed. Thus, appellants have not demonstrated that the district court abused its discretion by refusing to grant a stay under *Bjorklund*.

Nor have appellants demonstrated that the district court abused its discretion by refusing to grant an unconditional stay of the writ of recovery during this appeal. Minn. R. Civ. App. P. 108.01, subd. 1, states "Except as otherwise provided by rule or statute, an appeal from a judgment or order does not stay enforcement of the judgment or order in the [district] court unless that court orders relief in accordance with Rule 108.02." The eviction statute provides that a party who remains in possession of the property while appealing "must give a bond that provides that: (1) all costs of the appeal will be paid; (2) the party will comply with the court's order; and (3) all rent and other damages due to the party excluded from possession during the pendency of the appeal will be paid." Minn. Stat. § 504B.371, subds. 3 (2014).

The district court stayed execution of the writ but determined that appellants should make monthly payments of $2,975.67, to cover property taxes and the anticipated rental value of the property. This was not an abuse of discretion.

**Affirmed.**

6