*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0844**

Ronald D. Van Riper,
Respondent,

vs.

Bonnie L. Roy,
Appellant.

**Filed April 18, 2016
Affirmed
Ross, Judge**

Carver County District Court
File No. 10-CV-15-369

Racheal M. Holland, Melchert Hubert Sjodin, PLLP, Waconia, Minnesota (for respondent)

Bonnie L. Roy, Waconia, Minnesota (pro se appellant)

Considered and decided by Ross, Presiding Judge; Peterson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

The contract-for-deed purchaser of a townhouse faces contract cancellation and eviction because she failed to meet her payment obligation. Bonnie Roy appeals the district court eviction order allowing Ronald Van Riper to take possession after the court found that Roy defaulted on the contract and held over when the seller properly canceled the

contract. Roy argues, among other things, that her efforts to resolve the default prevent her eviction and that the seller's failure to record a contract modification mitigates her payment duty. The arguments are not convincing, and we affirm.

**FACTS**

In February 2009, Bonnie Roy entered into a contract for deed to purchase a townhouse from a construction company for an eventual total payout of $210,900. The terms of the contract required Roy to pay the construction company $1,169 each month with an added "bumper payment" of $37,180 in August 2009, pay real-estate taxes, and maintain homeowner's insurance. The construction company assigned its contract interest to Ronald Van Riper.

Roy defaulted, and in August 2011 Van Riper responded by serving a notice of cancellation. The next month, however, Roy and Van Riper filed a reinstatement and amendment of contract for deed with the Carver County recorder. The amended contract had no bumper-payment obligation, but it required Roy to make the same monthly payments. About three years later, in May 2014 Roy and Van Riper again amended the contract. Under the latest amendment, Roy's monthly payment obligation reduced to $800 but the contract required her final payment of $192,771 to be due in December 2015.

During the course of Roy's difficulties to keep up her payments, Fritz Jordan, representing the charity Just a Little Somethin' Inc., offered to help with monthly payments. Jordan met with Roy and Van Riper and discussed an arrangement in which the charity would pay if Roy was unable to make a monthly payment. Whatever promise Jordan made on behalf of the charity did not involve Van Riper, who never acknowledged

2

Jordan as a guarantor or entered into a written agreement with him. Jordan did send Van Riper a check of $800 to cover Roy's October 2014 payment obligation, but the check bounced. Roy did not cover the October 2014 obligation or make her November and December payments.

Van Riper served Roy with a notice of cancellation in January 2015, based on her failure to pay monthly installments, late fees, and real-estate taxes. Sixty days later, Roy moved the district court to temporarily enjoin the cancellation proceeding. A district court judge denied the request, citing Roy's failure to notify Van Riper. Van Riper recorded the notice of cancellation. Roy stayed in the home anyway, prompting Van Riper to file an eviction action.

Roy appeared at the evidentiary hearing on the eviction proceeding, raising several defenses. She first argued that her failure to pay was reasonable because mechanics' liens encumbered the property. She also maintained that Jordan had guaranteed the contract payments. Roy argued that Van Riper failed to provide certain tax forms, impeding her efforts to file her tax returns. And Roy asserted that she tried but was unable to meet with Van Riper or his attorney to resolve the issues.

The district court found that Roy made no monthly payments from October 2014 through May 2015, that Roy defaulted on the contract for deed and held over after Van Riper's proper cancellation, and that Van Riper's notice to vacate the property was properly served. It entered judgment for Van Riper and issued a writ of recovery of the premises. Roy appeals.

**D E C I S I O N**

Roy challenges the district court's eviction judgment. Eviction proceedings are summary in nature and limited in scope. Usually the only question in an eviction proceeding is whether the facts in the complaint alleging the plaintiff's extant possessory interest are true. *Cimarron Vill. v. Washington*, 659 N.W.2d 811, 817 (Minn. App. 2003). We review the district court's fact-finding for clear error. *Id.* And we review its legal conclusions de novo. *W. Insulation Servs. v. Cent. Nat'l Ins.*, 460 N.W.2d 355, 357 (Minn. App. 1990). All defenses and counterclaims in eviction actions must fall within this limited scope. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). Applying this standard to Roy's beyond-the-scope challenges, we have no ground on which to reverse the district court.

**I**

Roy appears to argue that her attempts to meet with Van Riper or his attorney to resolve disagreements or to discuss mechanics' liens on the property prevented Van Riper from evicting Roy. The argument implies a defense that is ineffectual to prevent a seller's eviction action following a proper cancellation of the contract for deed.

Van Riper met the contract cancellation requirements. To properly cancel a contract for deed, the seller must serve the purchaser with a notice laying out the reasons for default. Minn. Stat. § 559.21, subd. 2a (2014). Van Riper's notice accomplished this by listing Roy's failure to pay the November and December $800 monthly installments, the November and December association dues, the accrued late fees and insufficient-funds fees, the 2013 real-estate-tax late fees, the 2014 real-estate taxes, and other penalties and

4

late fees. It also included Roy's failure to maintain evidence of homeowner's insurance. The seller's notice must state that the contract will terminate 60 days after service. *Id.* Van Riper's notice also met this requirement. We see no error in the district court's holding that Van Riper followed the statute to cancel the contract for deed.

We also see no error in the district court's conclusion that Roy's attempts to meet with Van Riper or his attorney did not discharge her statutory obligations to prevent the pending cancellation. The purchaser can avoid the cancellation if, within a 60-day cure period after the cancellation notice, she does five things (none of which Roy accomplished): (1) remedy the reasons for the default; (2) make all payments that are due and owing; (3) pay the cost of serving the notice; (4) pay two percent of any amount in default; and (5) pay the seller's attorney's fees. *Id.* The record supports Roy's assertion that she tried to meet with Van Riper's attorney to discuss mechanics' liens that she believed encumbered the property. But she unconvincingly argues that Van Riper's failure to discuss the liens or any alleged disagreement inhibits his right to terminate the contract. She identifies no provision in the statute or any caselaw that suggests that a contract seller must participate in negotiations or otherwise attempt to settle differences with the purchaser after the seller has served notice of cancellation. Although Roy was in contact with Van Riper after he served the notice, the record does not indicate that she took the necessary steps to comply with the statutory terms to cure her default. Roy's argument about her postnotice efforts does not lead us to reverse.

**II**

Roy next appears to argue that Van Riper's failure to record the 2014 contract modification mitigated her duties under the contract for deed. Van Riper acknowledged that he did not record the amended contract, asserting that he believed Roy would do so. Roy maintains that she could not have recorded it because she lacked the original document. The controversy does not affect our decision.

The seller must deliver a copy of the contract for deed to the purchaser in recordable form with original signatures. Minn. Stat. § 507.235, subd. 1a (2014). But the duty to record the contract falls to the purchaser, who must record it within four months. *Id.*, subd. 1 (2014). The record does not inform us whether Van Riper provided Roy with a recordable version of the contract. But it does not matter here. That Van Riper failed to give Roy the document in recordable form neither invalidates the contract nor prevents cancellation. Failing to record a contract for deed results only in a civil penalty under the statute, to be paid by the purchaser. *See id.*, subd. 2(a) (2014). And the purpose of recording property interests is generally to protect those who might later seek an interest in it, *Graves v. Wayman*, 859 N.W.2d 791, 808 (Minn. 2015), not the parties to the transaction that created the recordable interest. Failing to record the amendment to the contract does not impact its cancellation.

**III**

Roy identifies several alleged defects in the district court proceeding and supposed shortcomings in Van Riper's effort to meet his duties under the contract for deed. None of these warrants reversal.

6

For example, Roy argues that Van Riper failed to provide her with completed 1098 amount-of-interest tax forms for her contract payments and that a meeting with Van Riper's attorney would have resolved the omission. "Parties generally may not litigate related claims in an eviction proceeding." *See Deutsche Bank Nat'l Trust Co.*, 841 N.W.2d at 164. Roy does not identify any rule of law that brings the omitted-forms issue within our limited scope of review in this proceeding.

Roy also complains that Van Riper's attorney objected to the admission of e-mails between the parties, but the district court said that unless Van Riper objected to the e-mails in writing, it would accept them. No written objection appears in the record, and Roy does not identify any adverse evidentiary ruling. The issue therefore presents no evidentiary decision for our review.

Roy maintains that the charity, Just a Little Somethin', guaranteed her payments. This too presents no issue for our review. A guaranty contract is a collateral agreement between the guarantor and a debtor. *Geneva JPM 2003-PM1, LLC v. Geneva FSCX I, LLC*, 843 N.W.2d 263, 266 (Minn. App. 2014). It does not bind the creditor, who generally is not a party to it. The district court concluded that Van Riper is not a party to any guaranty agreement between Roy and the charity, and so he could not be bound by it. The conclusion is unassailable. Even if it were not, a guaranty contract is subject to the statute of frauds and requires evidence of the contract in writing. *See* Minn. Stat. § 513.01(2) (2014). This sort of evidence does not appear in the record. We appreciate Roy's conviction that she deserves relief for her reliance on the charity's unfulfilled promise to make her payment,

7

but any remedy she might have against the charity or its agent does not include relief from eviction.

Roy also argues that Van Riper inappropriately denied the existence of their agreement to remove from the contract Roy's duty to make the $37,000 bumper payment. But Van Riper's claim of Roy's default in the notice of cancellation does not rely on Roy's failure to make the bumper payment, and the district court's decision also does not include it. It is therefore not relevant to our review.

And Roy asserts that inaccurate district court file numbers have resulted in error. Roy's motion for a temporary restraining order and Van Riper's eviction proceeding were assigned different file numbers. We need not consider the alleged confusion because it does not appear either that the numbering is erroneous or that any error affected Roy's possessory interest. Because Roy has not shown that the alleged confusion impacted the decision prejudicially to either party, we do not address it further.

**Affirmed.**